1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OMAR AGEEL,                                  Case No. 1:09-cv-02076 JLT (PC)

12            Plaintiff,                          ORDER REQUIRING PLAINTIFF TO
                                                  EITHER NOTIFY THE COURT OF HIS
13       vs.                                      WILLINGNESS TO PROCEED ON
                                                  COGNIZABLE CLAIMS OR FILE AN
14   F. GONZALES, et al.,                         AMENDED COMPLAINT

15            Defendants.                         (Doc. 1)

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

19   accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the Court is Plaintiff's

20   complaint filed November 30, 2009.

21   I.      SCREENING

22          A.       Screening Requirement

23          The Court is required to review a case in which a prisoner seeks redress from a governmental

24   entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

25   thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

26   monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Leave to

27   amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28   Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).   To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978).

**C.    Rule 8**

A complaint is governed by the notice pleading standard outlined in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

2

1   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2   (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

3   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"

4   Twombly, 550 U.S. at 555 (citations and quotations omitted).  The complaint "must contain sufficient

5   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

6   129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations

7   are insufficient to state a claim under § 1983.  See Iqbal, 129 S. Ct. at 1949-50; Ivey v. Board of Regents,

8   673 F.2d 266, 268 (9th Cir. 1982).

9   **II.    THE COMPLAINT**

10          Plaintiff identifies the following as defendants to this action: Warden Gonzales, Sergeant

11  Calvillo, Correctional Officer ("C/O") Ybarra, C/O Razo, C/O Knight, C/O Solis, C/O Thornberry, and

12  C/O Morales.  Plaintiff alleges as follows.  On June, 8, 2008, Plaintiff and Defendant Razo became

13  embroiled in a verbal dispute regarding the evening meal.  The next day, Defendants Ybarra and Razo

14  returned to Plaintiff's cell to serve the evening meal, but they delayed handing Plaintiff the food tray.

15  When Plaintiff reached for the tray, Defendant Razo dropped the tray to the ground and emptied an entire

16  canister of pepper spray, some of which sprayed Plaintiff in the face.  Plaintiff was then ordered to drop

17  to the floor.  Although Plaintiff complied, Defendant Ybarra threw a T-16 grenade into the cell which

18  caused Plaintiff to suffer burning sensations and shortness of breath.  (Doc. 1 at 2-4.)

19          As Plaintiff stood up and exited his cell, Defendant Knight struck Plaintiff in the legs with a

20  baton.  Plaintiff was taken to the ground by correctional staff, at which point Defendants Knight,

21  Thornberry, and Solis proceeded to punch and kick Plaintiff in the legs, back, and ribs.  Defendant

22  Calvillo ordered the officers to place Plaintiff in leg restraints, and Plaintiff was escorted to the medical

23  clinic.  Upon Plaintiff's arrival at the clinic, Defendants Thornberry, Knight, Solis, and Morales

24  slammed Plaintiff into a holding cage and punched Plaintiff in the back.  Plaintiff was then left in the

25  holding cell and deprived of any medical attention.  (Doc. 1 at 4-6.)

26          Defendants Thornberry, Knight, and Solis subsequently falsified reports regarding these events

27  and had Plaintiff charged with attempted battery on a peace officer.  On July 10, 2008, Plaintiff appeared

28  for his disciplinary hearing regarding this matter and was eventually found guilty of the charges.  As a

1   result, Plaintiff was assessed a nine month term of confinement in the Security Housing Unit ("SHU").

2   (Doc. 1 at 5-7, 30-63.)

3       Based on the above allegations, Plaintiff now claims that: (1) Defendants used excessive force

4   against him in violation of the Eighth Amendment; (2) Defendants conspired to violate his civil rights;

5   (3) Defendants falsified reports in violation of the Due Process Clause of the Fourteenth Amendment;

6   and (4) Defendants committed assault and battery.  In terms of relief, Plaintiff seeks monetary damages.

7   (Doc. 1 at 7-9.)

8   **III.**     **DISCUSSION**

9       **A.**     **Excessive Force**

10      Plaintiff claims that Defendants used excessive force against him.  "When prison officials use

11  excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from

12  cruel and unusual punishment."  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  In determining

13  whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was

14  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

15  harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Factors the Court may consider in making this

16  determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between

17  the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5)

18  any efforts made by prison officials to temper the severity of a forceful response.  Id. (quoting Whitley

19  v. Albers, 475 U.S. 312, 321 (1986)).

20      In this case, Plaintiff alleges that in response to him reaching for his food tray, Defendant Razo

21  sprayed him with an entire canister of pepper spray; Defendant Ybarra ignited a T-16 grenade in his cell;

22  Defendant Knight struck his legs and knees with a baton; Defendant Calvillo ordered him bound in leg

23  restraints; and Defendants Thornberry, Knight, Solis, and Morales punched and kicked him at various

24  points.  Assuming Plaintiff's allegations to be true, as the Court must at this stage of the litigation,

25  Plaintiff appears to state cognizable excessive force claims against Defendants Razo, Ybarra, Knight,

26  Calvillo, Thornberry, Solis, and Morales.

27  /////

28  /////

4

B.      **Conspiracy**

Plaintiff claims that Defendants conspired to violate his civil rights in violation of 42 U.S.C. § 1985.  "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States."  Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citations omitted).  "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  In this case, Plaintiff fails to allege any racial or class-based discriminatory animus behind Defendants' actions.  Accordingly, Plaintiff fails to state a claim under § 1985(3).[1]

Plaintiff also claims that Defendants conspired to violate his civil rights in violation of 42 U.S.C. § 1986.  "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).  "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985."  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (citations omitted).  Because Plaintiff does not allege any valid claims under § 1985, Plaintiff fails to state a cognizable claim under § 1986.

C.      **Due Process**

The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

---

[1]  Although Plaintiff does not specify which subsection of § 1985 he is proceeding under, the Court presumes that Plaintiff seek relief pursuant to § 1985(3), as the remaining subsections are clearly inapplicable to Plaintiff's allegations.  See 42 U.S.C. § 1985(2)-(3).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This requires a factual comparison between the conditions of confinement caused by the challenged action and the basic conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (placement of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest).

Plaintiff fails to allege facts demonstrating that he was denied a protected liberty interest. Plaintiff alleges that his disciplinary violation resulted in a nine month term of confinement in the SHU. However, apart from the duration of the confinement, Plaintiff fails to allege how the conditions of confinement in the SHU were materially different than those in the general population. See Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest where the conditions of the security housing unit were not materially different from those in the general population). Thus, there is no indication that the SHU term incurred by Plaintiff created a "major disruption" in Plaintiff's environment or caused an "atypical and significant hardship [on him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 486.

Moreover, Plaintiff fails to link Defendants Thornberry, Knight, and Solis to any denial of Plaintiff's procedural rights. The Due Process Clause does not guarantee that a prisoner will be free from false accusations; it guarantees procedural safeguards so that a prisoner may defend himself from false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Assuming that Plaintiff's placement in the SHU implicated a protected liberty interest, Plaintiff was entitled to the following procedural protections at his disciplinary hearing: (1) written notice of the charges against him; (2) at least 24 hours to prepare his defense; (3) a written statement regarding the evidence upon which the factfinders relied on; (4) the ability to request witnesses; and (5) deemed competent to understand the nature of the charge against him. See Wolff, 418 U.S. at 564-70. However, there is no indication that

1    Defendants Thornberry, Knight, and Solis caused Plaintiff to be denied any of these protections.

2    Accordingly, Plaintiff fails to state cognizable due process claims against Defendants Thornberry,

3    Knight, and Solis.

4         **D.**     **State Law Claims**

5         Plaintiff presents state law claims for assault and battery.  Under the California Tort Claims Act

6    ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has

7    presented a written claim to the state Victim Compensation and Government Claims Board within six

8    months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v.

9    California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  The purpose of CTCA's

10   presentation requirement is "to provide the public entity sufficient information to enable it to adequately

11   investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose

12   v. Superior Court, 12 Cal.3d 447, 455 (1974).  Thus, in pleading a state tort claim, plaintiff must allege

13   facts demonstrating that he has complied with CTCA's presentation requirement.  State of California

14   v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004).  Failure to allege compliance constitutes

15   a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims.  Id.

16        Plaintiff has not alleged compliance with the CTCA in his complaint.  Unless Plaintiff is able

17   to do so, he may not proceed with his assault and battery claims in this action.  See Karim-Panahi, 839

18   F.2d at 627 (dismissal of state law claims proper where complaint failed to allege compliance with

19   CTCA's presentation requirement).

20        **E.**     **Supervisory Liability**

21        Plaintiff has identified Warden Gonzales as a defendant to this action, but  has failed to allege

22   any facts as to him.  Plaintiff apparently seeks to impose liability on Defendant Gonzales solely based

23   upon the defendant's supervisorial position.  Supervisory personnel, however, are generally not liable

24   under § 1983 for the actions of their employees under a theory of *respondeat superior*.  Monell v. Dep't.

25   of Soc. Servs., 436 U.S. 658, 691 (1978).  When a named defendant holds a supervisorial position, the

26   causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle

27   v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Plaintiff therefore fails to state a cognizable claim against

28   Defendant Gonzales.

1       **F.     Leave to Amend**

2           In sum, the Court finds that Plaintiff's allegations appear to state cognizable excessive force

3   claims against Defendants Razo, Ybarra, Knight, Calvillo, Thornberry, Solis, and Morales.  Plaintiff's

4   remaining allegations, however, fail to state cognizable claims.

5           Plaintiff may therefore proceed in one of two ways.  First, Plaintiff may elect to serve the

6   complaint on Defendants Razo, Ybarra, Knight, Calvillo, Thornberry, Solis, and Morales and pursue

7   only his Eighth Amendment excessive force claim.  Second, Plaintiff may delay service and file an

8   amended complaint, attempting to cure the deficiencies identified by the Court in this order.  See Noll

9   v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his

10  or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured

11  by amendment.") (internal quotations omitted).

12          If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature

13  of this suit by adding new and unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

14  (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his

15  original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375

16  F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference

17  to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original

18  complaint which are not [re-]alleged in an amended complaint are waived."  King v. Atiyeh, 814 F.2d

19  565, 567 (9th Cir. 1987) (citations omitted).

20  **IV.    CONCLUSION**

21          In accordance with the above, it is HEREBY ORDERED that:

22          1.      Within thirty (30) days from the date of service of this order, Plaintiff shall either:

23                  a.      Notify the Court in writing that he wishes to serve the complaint on Defendants

24                          Razo, Ybarra, Knight, Calvillo, Thornberry, Solis, and Morales and proceed

25                          against these defendants only on his Eighth Amendment excessive force claim;

26                          or

27                  b.      File an amended complaint attempting to cure the deficiencies identified by the

28                          Court in this order.

8

2.      The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

3.      Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case.  <u>See</u> Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   __**December 17, 2010**__                              _____**/s/ Jennifer L. Thurston**_____
                                                                                    UNITED STATES MAGISTRATE JUDGE

9