IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR AGEEL, | Case No. 1:09-cv-02076 JLT (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME |
| vs. | ORDER DENYING PLAINTIFF'S REQUEST |
| F. GONZALES, et al., | FOR THE APPOINTMENT OF COUNSEL |
| Defendants. | (Doc. 14) |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2011, Plaintiff filed a motion for an extension of time in order to submit service documents to the Court. Plaintiff explains that due to on-going lockdowns, he is unable to access the law library to make photocopies. Good cause appearing, Plaintiff's request for an extension of time for this purpose will be granted.

In his motion, Plaintiff also requests the appointment of counsel. Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Lastly, based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's April 18, 2011 motion (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's request for an extension of time to submit service documents to the Court is **GRANTED**;
2. Plaintiff shall submit his service documents to the Court within thirty (30) days of the date of service of this order; and
3. Plaintiff's request for the appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated:  **April 20, 2011**                                              /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE