IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR AGEEL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>F. GONZALES, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-02076 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS<br><br>(Doc. 36) |

　　　Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On March 5, 2012, Plaintiff notified the Court that he wished to dismiss the case or have counsel appointed for him, as he believed the issues are too complicated for him handle without assistance of an attorney. (Doc. 36).

　　　Plaintiff previously requested appointment of counsel on May 3, 2010 (Doc. 6) and April 20, 2011. (Doc. 14). The Court denied both requests. (Doc. 7 and 15). The Court informed Plaintiff in response to both motions, that Plaintiff had no constitutional right to appointed counsel in a § 1983 action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court explained that in certain exceptional circumstances, a court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); however, without a reasonable methods of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. (Doc. 15).

To determine whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

In Plaintiff's case, the Court does not find the required exceptional circumstances to appoint counsel. First, given this stage of pleadings, the Court cannot determine if Plaintiff can demonstrate a likelihood of success on the merits. Second, even if it is assumed that Plaintiff is not well-versed in the law, the issues in this case are not complex. In fact, they are relatively straightforward. This Court is faced with similar cases almost daily. This matter involves an excessive force claim against correctional officer defendants based upon the Eighth Amendment. Because the issue presented in this case is narrow and not complex, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that

1. Plaintiff's March 5, 2012 Motion to Appoint Counsel is **DENIED**, and
2. Plaintiff's March 5, 2012 Motion to Dismiss is **GRANTED** (Doc. 35).

IT IS SO ORDERED.

Dated:  **March 7, 2012**                                                        /s/ Jennifer L. Thurston
                                                                                                    UNITED STATES MAGISTRATE JUDGE